The bill is filed by the complainants, for the surrender and cancellation of a bond and mortgage in the sum of $3,500, made by them to defendant Schielke.
Complainants' premises were encumbered by a first mortgage of $2,000, a second of $900 and a third of $600. The latter two mortgage loans had been made to them by one Luella S. Comp, who later assigned the mortgages to third parties.
In the latter part of 1928 Mrs. Comp told complainants the $900 and $600 mortgages would have to be paid off. Complainants did not ask Mrs. Comp or her husband to find *Page 338 
a new mortgage loan for them, but on October 28th, 1928, the Comps called at the home of complainants with Mr. Schielke, and told them that Schielke would take a $3,500 bond and mortgage on the house, the three existing mortgages to be paid off out of the new loan.
Schielke had on a number of prior occasions given Comp funds to invest for him, relying on Comp "to see that my papers were correct and first mortgages." On October 27th (before the Comps brought Schielke to the house) he had given Comp his check for $3,500 to be invested in bond and mortgage security. Comp immediately deposited this check in his own account and used the money for his own purposes.
On January 18th, Comp came to complainants (after Schielke had on several occasions inquired of him as to why he did not get the mortgage papers) and procured them to execute the new bond and mortgage to Schielke for $3,500. He took the bond and mortgage away with him saying he would have the three existing mortgages canceled.
The same day Comp gave the bond and mortgage to Schielke telling him likewise he would have the three existing mortgages canceled.
The following morning Schielke saw complainants, told them the three mortgages were not yet canceled by Comp, and told them they'd better see that Comp did cancel them (or words to that effect) and went to the court house and recorded his mortgage.
Comp, in fact, never had the three mortgages canceled or satisfied, and never turned over the $3,500 to complainants or any one on their behalf. It is obvious that both mortgagor and mortgagee are innocent dupes of Comp: one or the other must suffer loss as the result of Comp's rascality. It seems equally clear, upon consideration of the facts, that the loss in this instance must fall on the mortgagee. Comp was Schielke's agent: the latter entrusted him with $3,500 to invest for him. He did not give it to Comp as an agent of complainants — nor by reason of any inducement or representations from complainants: there is no estoppel against complainants. Comp embezzled the $3,500 immediately upon *Page 339 
his receipt thereof — two or three months before complainants executed this bond and mortgage.
It is not perceived that the situation is in anywise different from what it would be if complainants had dealt directly with Schielke, without the mediation of Comp. Essentially it is this: the mortgagors executed and delivered to the mortgagee the bond and mortgage, relying on his promise to pay the $3,500, for their use and benefit, to the holders of the existing mortgages in satisfaction thereof. The mortgagee did not do this, nor did he in any other wise give any consideration for the bond and mortgage. There is a complete failure or want of consideration, and complainants are therefore entitled to the surrender and cancellation for which they pray.
It follows that Schielke's counter-claim — wherein he asks that complainants be decreed to pay and satisfy the three prior mortgages so that his mortgage may be a first lien — must be dismissed.