The court must determine which of two innocent parties shall bear the loss resulting from embezzlement. The question is, whose agent was the embezzler?
Complainants Rocco and wife entered into a contract to purchase land which was encumbered with a $2,400 mortgage. They asked one Herman Rust, a lawyer, to procure for them a new mortgage loan of $3,500 out of which to satisfy the old mortgage and pay part of the purchase price. Rust interested the defendant, Mrs. Geiger, and she agreed, for herself and her son, the defendant Joseph Seffler, to make the loan. Mrs. Geiger then handed to Rust checks for $3,500; he drew the money and deposited it in his own account. A few days later, title was closed at the office of Rust. The vendors were present, signed the deed and were paid by Rust the purchase price, less the amount due on the old mortgage. The Roccos were also in attendance, although they had already executed the new bond and mortgage and had furnished to Rust enough money, in addition to the Geiger loan, to take title. Rust retained in his hands, out of the loan, sufficient to pay the old mortgage but instead of so doing, converted the money to his own use.
If Rust held the money as agent for the defendants, then they must bear the loss and the amount due on the mortgage be reduced accordingly. But if he received the defendants' money while acting as agent of complainants, then the full amount of $3,500 is due on the mortgage and they must stand the loss.
There is no doubt that at the inception of the transaction, Rust was the agent of complainants, engaged by them to procure a mortgage loan. When the creation of an agency *Page 585 
has been proved, the burden of showing a change in the relation between the principal and the agent rests on the party asserting the change. Again, as a general rule, though subject to many exceptions, the same person may not represent opposite parties. An agent employed by one party is presumed, thoughout the transaction, to be acting for that principal and not for the opposite party. Rust, when he received the money from defendants, took it not as their agent but as the agent of complainants. Doubtless, defendants relied on Rust to see that they secured a good bond and mortgage; they were not even present when title was closed. But the fact that one party puts faith in the agent of another, does not shift the agency.
The question of agency in these cases is well discussed in 2C.J. 446, 449. Miller v. Schielke, 105 N.J. Eq. 337, relied on by complainants, is in harmony with my conclusion.