In a foreclosure of a mortgage, defendants, the mortgagors, contend that the amount due on the mortgage is not $1,500, the face of the mortgage, but only about $500. *Page 145 
The circumstances are as follows:
Defendants wished to secure a new mortgage to pay off a balance due on an existing mortgage and to pay back taxes. They approached Herman C. Rust concerning the loan. Arrangements were made for $1,500, of which approximately $1,000 was to be used to pay the liens on the property. A mortgage was executed by defendants with the name of the mortgagee left blank, and left with Rust. Afterwards complainants came to see Rust concerning another transaction, and he offered them the mortgage. They bought it for $1,500, paying down $500 and taking a receipt from Rust for that sum on account, papers to be delivered on receipt of the balance. The balance was paid some three weeks later and the mortgage then delivered to complainants. The payments were made by checks to the order of Rust, who also executed a guaranty of the mortgage on the express consideration of the purchase from him of the mortgage. Rust turned over to defendant the bulk of the $500, but converted to his own use the $1,000.
The question now before the court is which of these two innocent parties shall bear the loss. This depends on whether Rust was the agent of the complainants or the defendants. It seems to me clear that Rust was agent for the mortgagors. They asked Rust for a loan, arranged for it and even executed the mortgage before complainants entered into the transaction in any way. As pointed out in Gallagher v. Commercial Credit Corp.,11 N.J. Mis. R. 267, they trusted Rust and gave him the credentials upon which to borrow. The present case is also similar to Rocco v. Geiger, 113 N.J. Eq. 583, in which the borrower engaged this same Rust to procure a loan. The case ofMiller v. Schielke, 105 N.J. Eq. 337, cited by defendants is not in point, since there the lender had made the unfaithful representative his agent by giving him a fund to invest.
The mortgage must therefore be sustained for the full amount. *Page 146